

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 1, 1974

The Honorable Raymond W. Vowell
    Commissioner
State Department of Public Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 249

Re: Whether inquirer is
entitled to his own records
with State Department of
Public Welfare under Article
6252-17a, V. T. C. S.

Dear Commissioner Vowell:

You have requested the opinion of our office on the question:

> "Can the State Department of Public Welfare,
> without violating House Bill 6, Acts of the 63rd
> Legislature, Regular Session, 1973, refuse the
> request of a client that he receive a copy of his
> complete case records? If not, are there
> standards by which the Department may determine
> what information must be supplied to the client,
> and/or is there information which the Department
> may or must exclude from the client's access?"

Various federal and state welfare statutes generally restrict the
availability of welfare files to persons having a direct connection with the
administration of the plan. 42 USC § § 302 (a)(7), 1202(a)(9), 1306(a), 1352
(a)(9), 1396(a)(7) and 602(a)(9); 38 USC § 3301; Articles 695c, § 33(1), (2);
695j-1 § 10, Vernon's Texas Civil Statutes. Under these, various types of
information are made "information deemed confidential by law," and are
excepted from mandatory disclosure under § 3(a)(1) of the Open Records Law.

Section 7 of the Act sets out the procedure to be followed by your
Department when you are requested to make information public. 1) If
there is a previous determination by a court or by our office that the infor-

mation falls within one of the exceptions, disclosure of the information normally should be refused. 2) If there is a previous determination that information is public or if the Department entertains no doubt as to the status of information as public it should disclose it. 3) Where there is no previous determination and the Department considers the information to be excepted from the Act or reasonably concludes that the information probably is except, it "must" request a decision from our office specifying the exception which the department believes may apply.

The answer to the first part of your question then is that the State Department of Public Welfare may refuse the request of a client that he receive a copy of his complete case record without violating the Open Records Act to the extent that it has been or is determined that the information refused is within one of the exceptions of § 3 of the Open Records Act. The complete record may not be refused, however, just because portions of it may be excepted, and any portions which are made public information by the Act should be disclosed

Your letter requesting our opinion advises that current departmental policy authorizes the return to a client of such documents as he may have given to the department and wishes returned. (e. g. birth certificates) In our opinion the special interest of the recipient justifies returning these personal records to him without making them public under the Open Records Act.

Furthermore, the claimant may have a constitutional right, aside from the Open Records Act, to review his own file when it has been employed as the basis for a determination of his entitlement to benefits.

In Greene v. McElroy, 360 U. S. 474 (1959), involving the loss of security clearance, Green had been denied access to "confidential" information upon which the decision was, in part, made. Speaking for the court, Chief Justice Warren said:

> "Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove

the Government's case <u>must be disclosed</u> to the
individual so that he has an opportunity to show that
it is untrue." (360 U.S. at 496)(emphasis added)

This language was quoted and made applicable to a determination of entitlement of welfare benefits in <u>Goldberg v. Kelly</u>, 397 U.S. 254, 270 (1970), where it was held that "Welfare recipients must therefore be given an opportunity to confront and cross-examine the witnesses relied on by the department."

We therefore answer the remainder of your question that, to the extent a decision denying or awarding benefits or other rights to a welfare client is based on information in his file, he is entitled to review all information entering into the decision, whether it is purely factual or not. This right is not dependent upon the Open Records Act, Article 6252-17a, V.T.C.S, and its exceptions do not apply.

## SUMMARY

The Department of Public Welfare may refuse a client's request for a copy of his complete file only to the extent (1) the information has not been used concurrently in the determination of any right of the client's and (2) the information is excepted from the Open Records Law.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee